# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PSK COLLECTIVE, LLC,

                Plaintiff,

v.

KOHL'S CORPORATION, *doing business as* KOHL'S, INC.,

                Defendant.

Case No. 25-CV-1208-JPS

**ORDER**

---

Plaintiff PSK Collective, LLC ("Plaintiff") sues Defendant Kohl's Corporation *d/b/a* Kohl's, Inc. ("Defendant") for breach of contract, statutory civil theft by fraud, intentional misrepresentation, and conversion. ECF No. 1. Defendant moved to dismiss all of Plaintiff's claims. ECF No. 11. That motion is now fully briefed. ECF Nos. 12, 15, and 17. The Court, however, will deny the motion without prejudice at this time due to Plaintiff's failure to properly plead diversity jurisdiction in the complaint.

Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To satisfy diversity of citizenship, a complaint must allege a corporation's state of incorporation and principal place of business. *See* 28 U.S.C.A. § 1332(c)(1); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009) ("The state of incorporation and the principal place of business must be alleged in the complaint." (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006))); *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 (7th Cir. 1994) ("Since Hi–Rail failed to plead the principal place of business of the

parties, the district court should have either independently established that this jurisdictional requirement was satisfied or dismissed the petition for lack of jurisdiction." (citing *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985) and *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190 (7th Cir. 1985))). Here, Plaintiff failed to plead the principal place of business of Defendant, ECF No. 1 at 1, and it is not obvious from the balance of the record what Defendant's principal place of business is.

The Court will give Plaintiff leave to amend its complaint to address this deficiency. If Plaintiff does not file an amended complaint by **December 5, 2025**, or if its amended complaint fails to cure this deficiency, this case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Kohl's Corporation *d/b/a* Kohl's, Inc.'s motion to dismiss Plaintiff PSK Collective, LLC's claims, ECF No. 11, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff PSK Collective, LLC shall **FILE** an amended complaint on or before **December 5, 2025**, curing the deficiency with respect to jurisdiction. Failure to timely or satisfactorily do so may result in dismissal without prejudice of this action

Dated at Milwaukee, Wisconsin, this 21st day of November, 2025.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge